**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| HAROLD MADDOX, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-337 |
| | § | |
| CITGO PETROLEUM CORPORATION and | § | |
| CITGO REFINING AND CHEMICALS | § | |
| COMPANY, L.P. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case arises out of injuries sustained by Harold Maddox ("Plaintiff") while working at a refinery owned by Defendants. Now before the Court is Defendants' Motion for Summary Judgment. For the reasons stated below, the Motion is **GRANTED**.

### I.  Background

Plaintiff was employed by Basic Industries, Inc. ("Basic"). Citgo Petroleum Corporation and Citgo Refining and Chemicals Company, L.P. (collectively, "Defendants") hired Basic and another company, PTS, to perform turnaround work at a refinery in Corpus Christi, Texas. Defendants' operator walked through the job with foremen from Basic and PTS. Defendants then issued a work permit to PTS and Basic specifying the work to be done.

Plaintiff was burned by chemicals escaping from the line he was working on. He claims that he saw and signed a work permit before beginning the job, and he believes that the work permit specifically mentioned the line in question. He also alleges that Defendants' operator told Basic and/or PTS foremen that the line was clean and therefore safe to work on. He admits that he

received his instructions from Basic foremen and not from any representative of Defendants.

## II.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).  When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252, 106 S. Ct. at 2512.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## III.  Analysis

Defendants argue that they are entitled to summary judgment because Tex. Civ. Prac. & Rem. Code Ann. §§ 95.001-.003 (Vernon 2005) states that a property owner is not liable for injury to the employee of a contractor or subcontractor who repairs or renovates an improvement to real property unless the property owner retained or exercised "control over the manner in which the work is performed," and had actual knowledge of the danger and failed to adequately warn.[1]  *See Credeur*

---

[1]State substantive law applies because diversity is the basis for this Court's jurisdiction. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).

*v. MJ Oil, Inc.*, 123 Fed. Appx. 585, 587-88 (5th Cir. 2004).  Defendants allege that they did not retain or exercise control over the manner in which Plaintiff did his work.  Plaintiff has the burden of showing that Defendants did retain or exercise such control and had knowledge of the danger. *See Guin v. Texaco, Inc.*, 2004 WL 551213, at *2-3 (E.D. La. 2004); *Dyall v. Simpson Pasadena Paper Co.*, 152 S.W.3d 688, 699 (Tex.App.–Houston [14th Dist.] 2004, n.w.h.).  Without this showing, Plaintiff cannot establish that Defendants owed him a duty of reasonable care.  *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001).

Plaintiff has not disputed that Defendants are property owners, that he was an employee of a contractor or subcontractor, or that he was repairing an improvement to real property.  Although he disputes the control and knowledge aspects of the statute, Plaintiff has not presented more than a scintilla of evidence on either point.

Plaintiff admits that he did not receive instructions from an employee of Defendants. (Maddox Dep. at 58-60.)  Even if Plaintiff is correct that the work permit required work on the line in question, the statute specifically states that ordering the stop and start of work does not constitute control over the manner of work.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 95.003 (Vernon 2005). Plaintiff has not submitted a contract or other documentation demonstrating that Defendants retained control without exercising it.

Plaintiff's statement that Defendants' operator told the Basic foreman that the line was clear is in fact evidence that Defendants were *un*aware of any problem with the line.  (Maddox Aff.)  The statute requires actual knowledge of the problem, so asserting that Defendants, as owners of the refinery, were in the best position to know of the danger does not meet the statutory requirements. *See* § 95.003.  Plaintiff has offered no other evidence that Defendants had actual knowledge of a problem with the line.

In his Response, Plaintiff states that the evidence will show the necessary elements of his claim. However, to rebut a motion for summary judgment, the non-moving party must come forward with specific facts to support his case–he cannot simply state that the evidence at trial will prove those facts. *See Anderson*, 477 U.S. at 250, 106 S. Ct. at 2510. Plaintiff has failed to demonstrate that a genuine issue of material fact exists as to Defendants' control of the operation and their knowledge of the danger. Because Plaintiff has not met the requirements of § 95.003, Defendants' Motion for Summary Judgment is hereby **GRANTED**.

### IV. Conclusion

For the above-stated reasons, Defendants' Motion for Summary Judgment is hereby **GRANTED**. All Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date. A Final Judgment will be issued contemporaneously with this Order.


**IT IS SO ORDERED**.

DONE this 2nd day of June, 2005, at Galveston, Texas.


Samuel B. Kent
United States District Judge